UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **SPRING FULLER,** } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 1:19-cv-01912-ACA |
| } | |
| **SOCIAL SECURITY** } | |
| **ADMINISTRATION,** } | |
| **COMMISSIONER,** } | |
| } | |
| Defendant. } | |

## MEMORANDUM OPINION

Plaintiff Spring Fuller appeals the decision of the Commissioner of Social Security denying her claim for a period of disability and disability insurance benefits. Based on the court's review of the administrative record and the parties' briefs, the court **WILL AFFIRM** the Commissioner's decision.

### I.  PROCEDURAL HISTORY

Ms. Fuller applied for a period of disability and disability insurance benefits, alleging that her disability began on February 1, 2016. (R. at 64, 172–75). The Commissioner initially denied Ms. Fuller's claim (*id.* at 106), and Ms. Fuller requested a hearing before an Administrative Law Judge ("ALJ") (*id.* at 111). After holding a hearing (*id.* at 37–65), the ALJ issued an unfavorable decision (*id.* at 16–

32).  The Appeals Council denied Ms. Fuller's request for review (*id.* at 1), making the Commissioner's decision final and ripe for the court's judicial review, 42 U.S.C § 405(g).

## II.  STANDARD OF REVIEW

The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The court "must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards."  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation marks omitted).  "Under the substantial evidence standard, this court will affirm the ALJ's decision if there exists such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quotation marks omitted).  The court may not "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ]." *Winschel*, 631 F.3d at 1178 (quotation marks omitted).  The court must affirm "[e]ven if the evidence preponderates against the Commissioner's findings." *Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1158–59 (11th Cir. 2004) (quotation marks omitted).

Despite the deferential standard for review of claims, the court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Henry*, 802 F.3d at 1267 (quotation marks

omitted). Moreover, the court must reverse the Commissioner's decision if the ALJ does not apply the correct legal standards. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145–46 (11th Cir. 1991).

### III.   ALJ'S DECISION

To determine whether an individual is disabled, an ALJ follows a five-step sequential evaluation process. The ALJ considers:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178.

Here, the ALJ determined that Ms. Fuller had not engaged in substantial gainful activity from her alleged onset date of February 1, 2016, through her date last insured of March 31, 2017. (R. at 21). The ALJ found that Ms. Fuller's obesity, depression, post-traumatic stress disorder, migraine headaches, cervicalgia, and lumbar radiculopathy were severe impairments, but that her irritable bowel syndrome and cramping were non-severe impairments, and her alleged fibromyalgia was not a medically determinable impairment due to a lack of medical signs or laboratory findings. (*Id.* at 21–23). The ALJ then concluded that Ms. Fuller does

not suffer from an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1.  (*Id.* at 23–24).

After considering the evidence of record, the ALJ determined that Ms. Fuller had the residual functional capacity to perform light work except that she faced some additional physical limitations as well as a limitation on the amount of interaction with the general public and an inability to perform jobs with complex instructions. (R. at 25).  Based on this residual functional capacity and the testimony of a vocational expert, the ALJ found that jobs existed in the national economy that Ms. Fuller could perform, including baker conveyor line worker, laminating machine off bearer, and mill stenciler.  (*Id.* at 31–32).  Accordingly, the ALJ determined that Ms. Fuller has not been under a disability, as defined in the Social Security Act, from her alleged onset date through her date last insured.  (*Id.* at 32).

## IV.  DISCUSSION

Ms. Fuller contends that the ALJ failed to properly apply the pain standard because the medical evidence is consistent with her allegations of debilitating symptoms and limitations.  (Doc. 10 at 5–15).  She challenges the ALJ's "selective review of the evidence" and argues that the ALJ did not consider her "longitudinal treatment history," which shows that her mental impairments waxed and waned, and any improvement was temporary.  (*Id.* at 8–9).  She also asserts that the ALJ erred

by assigning little weight to two mental evaluations conducted by Dr. Robert Storjohann, a non-treating psychologist, because Dr. Storjohann's evaluations were consistent with Ms. Fuller's treatment history. (*Id.* at 11–13). Finally, she contends that substantial evidence does not support the ALJ's statement that Ms. Fuller had not received the type of treatment expected for a totally disabled individual because the medical record shows that Ms. Fuller has migraines, carpal tunnel syndrome, neck and back pain and weakness, fatigue, depression, and anxiety. (*Id.* at 13–15).

Under Eleventh Circuit precedent, a claimant attempting to establish disability through testimony of pain or other subjective symptoms must show evidence of an underlying medical condition and either (1) "objective medical evidence that confirms the severity of the alleged pain arising from that condition" or (2) "that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation marks omitted). If the ALJ finds a claimant's statements about her symptoms are not credible, the ALJ must "provide[ ] a detailed factual basis for [the] credibility determination," which substantial evidence must support. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005).

The ALJ found that Ms. Fuller had underlying medical conditions and her medical records showed a history of treatment, but that her "statements concerning the intensity, persistence and limiting effects of these impairments are not consistent

with the objective medical evidence." (R. at 26). The ALJ noted that Ms. Fuller's description of her symptoms and limitations was "inconsistent and unpersuasive," and that she had "not generally received the type of medical treatment one would expect for a totally disabled individual." (*Id.*). In support, the ALJ described the medical evidence in the record in detail. (*Id.* at 26–30).

Substantial evidence supports the ALJ's determination. First, although Ms. Fuller argues that the record is consistent with her allegations of debilitating pain and impairments, that is not the question before this court. This court reviews the Commissioner's decision only for whether "there exists such relevant evidence as a reasonable person would accept as adequate to support [the ALJ's] conclusion." *Henry*, 802 F.3d at 1267 (quotation marks omitted). The court must affirm if substantial evidence supports the ALJ's finding that the claimant was not disabled during the relevant time period, even if someone else could have made a finding of disability. *See Crawford*, 363 F.3d 1155, 1158–59 (11th Cir. 2004) (holding that the court must affirm "[e]ven if the evidence preponderates against the Commissioner's findings") (quotation marks omitted).

Second, although Ms. Fuller challenges the ALJ's "selective" discussion of the medical evidence, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in [her] decision, so long as the ALJ's decision . . . , is not a broad rejection which is not enough to enable [this court] to conclude that [the

6

ALJ] considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (some alterations added). The ALJ's decision is detailed, thorough, and accurate. (*See* R. at 20–36). Moreover, none of the evidence that Ms. Fuller says the ALJ failed to discuss compels the conclusion that Ms. Fuller was disabled during the relevant time period. (*See* Doc. 8 at 9–11). The court is persuaded that the ALJ considered Ms. Fuller's medical condition as a whole.

Third, Ms. Fuller challenges the ALJ's assignment of weight to two reports prepared by a non-treating psychiatrist, Dr. Strojohann. (Doc. 8 at 11–13). When addressing a non-treating source's medical opinion, an ALJ "must state with particularity the weight given to different medical opinions and the reasons therefor." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). "[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (emphasis added).

In May 2015 and June 2018, Dr. Storjohann completed a form called a "Medical Source Statement of Ability to do Work-Related Activities (Mental)." (R. at 271–79, 620–27). In the May 2015 report, Dr. Storjohann diagnosed Ms. Fuller with recurrent severe major depression, posttraumatic stress disorder, generalized anxiety disorder, and generalized social phobia. (*Id.* at 279). He concluded that she had mild to moderate limitations in her ability to understand,

remember, and carry out simple instructions, and marked limitations in her ability to understand, remember, and carry out complex instructions or to make judgments on complex work-related decisions. (*Id.* at 272). He further found a moderate limitation in her ability to interact appropriately with the public and a marked limitation in her ability to interact appropriately with supervisors and coworkers or to respond appropriately to usual work situations or changes in a routine work setting. (*Id.* at 273).

In the June 2018 report, Dr. Storjohann reiterated his diagnoses from the May 2015 report. (R. at 626). His evaluation of Ms. Fuller's limitations remained the same, except that he found she had a marked limitation in her ability to make judgments on simple work-related decisions and an extreme limitation in her ability to make judgments on complex work-related decisions. (*Id.* at 620).

The ALJ gave little weight to Dr. Storjohann's evaluations because there was no evidence in the record that Ms. Fuller had limitations in performing simple work or that she had concentration or memory issues, and the evidence showed that she did well on medication, had performed semi-skilled work in the past, could do chores and daily activities limited only by pain, and was able to engage in social interaction with family and friends. (R. at 30). Ms. Fuller does not point to any evidence that the ALJ overlooked or ignored in assigning little weight to Dr. Strojohann's reports, nor does Ms. Fuller challenge the accuracy of the evidence on which the ALJ relied.

Instead, she contends that Dr. Strojohann's evaluations were consistent with each other and with her other medical records. (Doc. 8 at 12–13). The ALJ's explanation for her assignment of weight was detailed and supported by the medical evidence. Even if this court were inclined to substitute its own judgment for the ALJ's, the court may not do so. *See Winschel*, 631 F.3d at 1178.

Finally, Ms. Fuller argues that substantial evidence does not support the ALJ's statement that she had not received the type of treatment expected for a totally disabled individual because the evidence shows that Ms. Fuller has migraines, carpal tunnel syndrome, neck and back pain and weakness, fatigue, depression, and anxiety. (Doc. 10 at 13–15). But the ALJ did not deny that Ms. Fuller suffers from those impairments; she found that Ms. Fuller's impairments limited her residual functional capacity to some degree, but that the evidence did not support the level of disability Ms. Fuller alleged. (R. at 26–30). None of the evidence that Ms. Fuller relies on to challenge the ALJ's finding negates the substantial evidence underlying the conclusion. Accordingly, this court must affirm.

### III. CONCLUSION

Substantial evidence supports the ALJ's denial of Ms. Fuller's application for a period of disability and disability insurance benefits, and this court **WILL AFFIRM** the Commissioner's decision.

The court will enter a separate final order consistent with this memorandum opinion.

**DONE** and **ORDERED** this October 26, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE